UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| JAMES L. SOUTHALL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:08-cv-890 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| CITY OF GRAND RAPIDS, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

This is a civil action by a *pro se* plaintiff. Plaintiff's complaint is set forth verbatim and in its entirety below:

| | | |
|---|---|---|
| Human Entrapment | - | Movies are being made through my body and there's a tap in my neck by police. |
| Mental Anguish | - | I'm harassed daily. |
| Freedom of Movement | - | Surrounded by the Police. |
| Defamation of Character | - | Being called a racist! |
| Discrimination | - | Grand Rapids City refused to file my lawsuit or defend my rights. |
| Tortured | - | I have military balls in my body and the police shock my spine with them. |

For the reasons set forth herein, I recommend that plaintiff's complaint be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief can be granted.

**Applicable Standard**

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see Chase Manhattan Mortgage Corp v. Smith*, 507 F.3d 910, 915 (6th Cir. 2007). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Section 1915(e)(2) invests the court with discretion to summarily reject factual assertions on the ground that they are delusional. 28 U.S.C. § 1915(e)(2). Plaintiff's allegations that he has military balls in his body, that movies are being made through his body, and that the police made a tap in his neck are irrational and delusional. *See Denton*, 504 U.S. at 33. Plaintiff provides no coherent factual statement of actions taken by defendant constituting "harassment."

Plaintiff's statement that defendant refused to file a lawsuit on his behalf or defend his rights fails to allege facts sufficient to support any viable federal claim.

Plaintiff's complaint is devoid of citation to any legal authority. Assuming that plaintiff is attempting to assert a claim under 42 U.S.C. § 1983, his complaint fails allege facts sufficient to state claim against this municipal defendant. The City of Grand Rapids cannot be held vicariously liable under section 1983 for the acts or omissions of its police officers. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 692 (1978); *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). Plaintiff has not alleged any custom or policy giving rise to an alleged violation of his rights secured by federal law. Plaintiff's claim against the defendant must therefore fail on this separate and independent ground.

### Recommended Disposition

For the foregoing reasons, I find that plaintiff's complaint fails to state a claim and recommend that the complaint be dismissed under 28 U.S.C. § 1915(e)(2).


Dated:   October 1, 2008             /s/  Joseph G. Scoville
                                     United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir. 1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).