UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES L. SOUTHALL, JR., | Case No. 1:08-cv-890 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Scoville |
| CITY OF GRAND RAPIDS, | |
| Defendant. | |

### ORDER

**Adopting the R&R without Objection;
Dismissing the Complaint for Failure to State a Claim;
Terminating the Case**

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to the Honorable Joseph Scoville, United States Magistrate Judge, for a Report and Recommendation ("R&R").

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Likewise, Federal Rule of Civil Procedure 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." *See also* W.D. MICH. LCIVR 72.3(b); *Deruso v. City of Detroit*, 121 F. App'x 64, 66 n.2 (6th Cir. 2005) ("The Rule requires parties to file objections to a magistrate's report and recommendation within ten days of the time the report is filed.") (citing FED. R. CIV. P. 72(a)); *Rodger v. White*, 1990 WL 95624, at *2 (6th Cir. July 11, 1990) ("Ordinarily, parties must file objections and exceptions to the magistrate's report within ten days of its

issuance.") (citing 28 U.S.C. § 636(b)(1)).

Magistrate Judge Scoville issued the R&R on Wednesday, October 1, 2008, and the Clerk of Court sent it to Southall by regular U.S. first-class mail on Thursday, October 2, 2008. Although the Kalamazoo federal courthouse (and central post office) are less than fifty-one miles away from Southall's address of record, the court assumes that Southall did not receive the R&R until Monday, October 6, 2008. FED. R. CIV. P. 6(a)(1) provides, "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." FED. R. CIV. P. 6(a)(2). Thus, the ten-day objection period began on Tuesday, October 7, 2008. Days one through four ran from Tuesday, October 7 through Friday, October 10.

Rule 6 further provides, "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." FED. R. CIV. P. 6(a). Thus the court excludes Saturday October 11, Sunday October 12, and Monday October 13 (the federal holiday in honor of Christopher Columbus). Days five through eight ran from Tuesday, October 14 through Friday, October 17. The court then excludes Saturday October 18 and Sunday October 19. Days nine and ten were Monday, October 21 and Tuesday, October 22.

Thus, the ten-day period for filing objections expired at midnight on Tuesday, October 20. However, because Southall is proceeding *pro se* and is not required to file electronically, the court allows an additional three days for Southall to send objections by regular first-class U.S. mail. On these assumptions, Southall's objections had to arrive at the Kalamazoo Clerk's Office no later than Thursday, October 23, 2008. The court has not received objections or a motion for extension of time from Southall.

As the United States Supreme Court has held,

> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations. *See*

> 28 U.S.C. § 636(b)(1). To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Peretz v. US*, 501 U.S. 923, 939 (1991) (citation and internal quotation marks omitted).[1]

Furthermore, the failure to file timely *specific* objections obviates not only *de novo* district-judge review of the R&R, but *all* district-judge review. Again in the words of the Supreme Court,

> In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.
>
> * * *
>
> Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard. However, § 636(b)(1)(c) simply does not provide for such review. This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions]. Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard. *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, citation to enacting legislation omitted).

In any event, the court finds the R&R's outcome and rationale to be sound.[2] As explained by the

---

[1]

*See, e.g., Johnson v. Comm'r of Soc. Sec.*, 2007 WL 2292440, *1 (N.D. Ohio 2007) ("The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made.") (Gwin, J.).

[2]

Accordingly, district judges in our circuit routinely adopt R&Rs without additional written analysis where the parties have not timely and specifically objected:

> "It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings."   * * *   Because neither party filed timely

3

R&R, Southall's allegations are fanciful and his legal claims frivolous. Even the lenient and indulgent treatment that the courts must accord to *pro se* pleadings does not obligate the court to accept allegations which "clearly irrational or wholly incredible." *Taylor v. Sampson*, 2008 WL 2923435, *4 (W.D. Mich. July 25, 2008) (citing *Denton*, 504 U.S. at 33). *See also Grayson v. Frontera*, 2008 WL 4642621, *1 (W.D. Mich. Oct. 20, 2008) (Richard Allan Edgar, J.; *Stackhouse v. Sherry*, 2008 WL 4534432, *2 (W.D. Mich. Sept. 30, 2008) (Robert Holmes Bell, J.); *Peoples v. Choppler*, 2008 WL 4280111, *1 (W.D. Mich. Sept. 12, 2008) (Gordon J. Quist, J.); *Groat v. Michigan State Treasurer*, 2005 WL 2045827, *1 (W.D. Mich. Aug. 24, 2005) (6th Cir. J. David McKeague, by designation) (all citing *Denton*, 504 U.S. at 33).

Moreover, even if Southall's complaint contained coherent, rational allegations, a municipality may not be held vicariously liable under 42 U.S.C. § 1983 merely for the alleged constitutional violations or torts of its employees. *Garretson v. City of Madison Hts.*, 407 F.3d 789, 795 (6th Cir. 2005) (quoting *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997)).

## ORDER

---

objections to Magistrate Judge Pepe's Report and Recommendation . . . this Court need not conduct a review.

*Russell v. Caruso*, 2007 WL 3232126, *2 n.3 (W.D. Mich. 2007) (Maloney, J.) (quoting *Brown v. US*, 2007 WL 2156283, *1 (E.D. Mich. 2007) (Gadola, J.) (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985))).

*See also Lewis v. Comm'r of Soc. Sec.*, 2008 WL 3875403, *1-2 (W.D. Mich. Aug. 15, 2008) (Maloney, C.J.); *Veltkamp v. Comm'r of Soc. Sec.*, 528 F. Supp.2d 716, 718 n.2 (W.D. Mich. 2007) (Maloney, J.);

*Wallace v. Jackson*, 2006 WL 467915, *1 (E.D. Mich. 2006) (Gadola, J.) (citing *Lardie v. Birkett*, 221 F. Supp. 806, 807 (E.D. Mich. 2002)); *Tangwall v. Robb*, 2003 WL 23142190, *1 (E.D. Mich. 2003) (Lawson, J.) (where party's objections to R&R were untimely, court stated, "[T]he failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion [considered in the R&R].").

Accordingly, having reviewed the complaint and the R&R, and having received no objections, the court **ADOPTS** the R&R.

The complaint is **DISMISSED** for failure to state a claim.

This case is **TERMINATED.**

**This order is final, but it is not appealable.** *Flores v. Comm'r of Soc. Sec.*, 2008 WL 3978674, *2 (W.D. Mich. Aug. 22, 2008) (Maloney, C.J.) (citing *Harris v. Detroit Pub. Schs.*, 245 F. App'x 437, 442 n.6 (6th Cir. 2007) ("[A] party's failure to object to the recommendations of a magistrate judge constitutes a waiver of the right to appeal.") (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981))).[3]

**IT IS SO ORDERED this 24th day of October 2008.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge

---

[3]

*See, e.g., Schrader v. Comm'r of Soc. Sec.*, 2008 WL 360649, *3 with n.5 (W.D. Mich. Feb. 7, 2008) (Maloney, J.) (citing, *inter alia*, *Ramjit v. Moore*, 243 F. App'x 103, 104 (6th Cir. 2007) ("respondent waived this issue due to his failure to object on this ground to the magistrate judge's report and recommendation") (citing, *inter alia*, *Thomas*, 474 U.S. at 155)).

*See also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006) ("Frontier did not file an objection to the default entry within ten days of the magistrate's report and recommendation. * * * Frontier's silence constitutes a waiver of the right to appeal the entry of default.");

*US v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("Sullivan failed to file objections to the magistrate judge's findings with the district court and, as a result, has waived any challenge to the district court's denial of his motion to suppress the identification evidence.");

*Adkins v. United Mine Workers of America*, 1995 WL 44630, *3 (6th Cir. July 25, 1995) ("Because the plaintiffs did not file written objections to the magistrate's order within ten days, they have waived appellate review of this issue.") (citing *Thomas*, 474 U.S. at 155, and *Willis v. Sullivan*, 931 F.2d 390, 400-01 (6th Cir. 1991)).